IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHAINA PARKS, as
Special Administrator of the
Estate of BILLY PARKS, SR.                                    PLAINTIFF

v.                              No. 5:10-cv-240-DPM

UNITED STATES OF AMERICA                          DEFENDANT

## ORDER

I.   The parties tried this medical malpractice and wrongful death case to the bench from 7 November to 10 November 2011.  Parks twice moved for judgment as a matter of law during the trial, and the Court denied the motions.  On November 10th, the Court decided the case from the bench: on the wrongful-death claim, the Court found in favor of Parks regarding the standard of care at the Veterans Hospital on 6 September 2008, but found in favor of the United States on proximate-causation; and the Court found for the Parks Estate on the survival claim, ruling that it was entitled to damages for Mr. Parks's pain and suffering from 6–8 September 2008.

II.  The Court adopts, with slight modifications, the parties' joint statement of this case.  Shaina Parks brought this lawsuit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671, *et seq.* In accordance with this Act, the liability of the United States is determined in accordance with the substantive law of the place where the alleged negligent act or omission occurred. 28 U.S.C. §§ 1346(b) & 2674.  Because the action was for medical injury, the case was litigated as one under the Arkansas Medical Malpractice Act.  ARK. CODE ANN. § 16-114-201, *et seq.*

Parks brought the suit as the Special Administrator of the Estate of Billy Parks, Sr., pursuant to the Arkansas survival statute, and for the benefit of two putative wrongful death beneficiaries: Billy Parks, Jr. and Cassie Parks. ARK. CODE ANN. §§ 16-62-101 & 102.  Parks claimed that the John L. McClellan Memorial Veterans Hospital was negligent in the care and treatment of Mr. Billy Parks, Sr. on 6 September 2008 because Mr. Parks's treating physician failed to diagnose a staph infection when Mr. Parks presented to the emergency room. Parks claimed that this failure to diagnose led to pain, suffering, mental anguish, and ultimately caused Mr. Parks's death. The United States denied the allegations.  It pleaded that there was no

-2-

deviation from the standard of care at the hospital on that date and that, even assuming for argument that there was, it did not proximately cause the death of Mr. Parks.

III.   The Court also adopts the joint stipulated facts.

(1)   Billy Parks, Sr. was a fifty-eight-year-old male who had a medical history of coronary artery disease.

(2)   Mr. Parks had a medical history of atrial fibrillation.

(3)   Mr. Parks had a social history of smoking one pack per day for forty years.

(4)   Mr. Parks had a medical history of hypertension.

(5)   Mr. Parks had a medical history of obesity.

(6)   Mr. Parks had a medical history of interventional surgical procedures to his coronary arteries to relieve blockage of the arteries and allow for more adequate blood flow to his heart in July 2006.

(7)   The care and treatment of Mr. Parks on 16–18 July 2006 was within the standard of care.

(8)   From 21 July—2 August 2006, he was admitted to the Veterans Hospital and treated for methicillin sensitive staphylococcus aureus.

-3-

He was discharged from the hospital on 2 August 2006 with IV antibiotics to be completed at home for the following four weeks.

(9)    Mr. Parks's care and treatment at the Veterans Hospital in July and August 2006 was within the standard of care.

(10)   On 27–30 August 2008, Mr. Parks underwent another heart catheterization at the Veterans Hospital to assess blood flow in his coronary arteries.

(11)   The care and treatment of Mr. Parks by the medical care providers at the Veterans Hospital from 27–30 August 2008 was within the standard of care.

(12)   Mr. Parks was again admitted to the Veterans Hospital from 8–24 September 2008.

(13)   At the 8 September 2008 admission to the Veterans Hospital, Mr. Parks was diagnosed with methicillin sensitive staphylococcus aureus.

(14)   The care and treatment of Mr. Parks by the medical care providers from 8–24 September 2008 was within the standard of care.

(15)   On 11 October 2008, Mr. Parks presented to Jefferson

-4-

Regional Memorial Medical Center in Pine Bluff, Arkansas, complaining of bilateral loss of sensation in his lower extremities. He was transferred to the Veterans Hospital on 12 October 2008.

(16)   Mr. Parks was admitted to the Veterans Hospital from 11 October — 24 November 2008.

(17)   Mr. Parks had surgery to relieve compression on his spinal cord which was causing bilateral lower extremity paralysis on 12 October 2008.

(18)   In the neurosurgeon's operative report, there is no finding that a spinal abscess was present.

(19)   The neurosurgeon sent a specimen from the operative site to pathology.

(20)   The pathology report examining the operative culture from Mr. Parks's spine is negative for infection.

(21)   Billy Parks, Sr. died on 24 November 2008.

(22)   Billy Parks, Sr. died of adult respiratory distress syndrome and ventilator-associated pneumonia, acute renal failure, atrial fibrillation, and transverse myelopathy.

(23)  Billy Parks, Sr. did not die of staphylococcus aureus infection.

(24)  The care and treatment of Billy Parks, Sr. by the medical care providers from 11 October – 24 November 2008 was within the standard of care.

IV.   The Court holds, for the reasons stated on the record at the end of the trial, that the Veterans Hospital deviated from the standard of care on 6 September 2008.  But Parks did not prove by a preponderance of the evidence that this deviation proximately caused Mr. Parks's later death.  The Court awards the Parks Estate $8,000.00 on the survival claim, ARK. CODE ANN. § 16–62–101, for Mr. Parks's pain and suffering from 6–8 September 2008.  The Parks Estate is also entitled to some Rule 54(d)(1) of Civil Procedure costs, as the Court may allow on the parties' stipulation or on motion.  The Court looks forward to receiving one or the other by 19 December 2011.

So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

9 December 2011

-7-